# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARION ANTHONY PUSHIA, | * | |
| Petitioner | * | |
| v | * | Civil Action No. WMN-12-2657 |
| BOBBY SHEARIN, et al., | * | |
| Respondents | * | |
| | *** | |
| MARION ANTHONY PUSHIA, | * | |
| Petitioner | * | |
| v | * | Civil Action No. WMN-12-3164 |
| STATE OF MARYLAND, | * | |
| Respondents | * | |
| | *** | |

## **MEMORANDUM**

Currently confined at the North Branch Correctional Institution in Cumberland, Maryland, Marion Anthony Pushia, filed the instant 28 U.S.C. § 2254 habeas corpus application on September 6, 2012, challenging his 1994/2000 convictions for first-degree rape and related offenses.[1] The self-represented Petitioner states that his sentence is illegal. He alleges that his sentence was found to be improper by the Maryland appellate court but that the Circuit Court, at resentencing, failed to follow the appellate court's mandate regarding his new sentencing proceedings. He also claims his sentences should have merged and that his post-conviction counsel was ineffective in that he failed to challenge the error at re-sentencing. ECF No. 1, Civil

---

[1] Petitioner indicates that he was originally sentenced to life without parole. At resentencing he was sentenced to life, the first 25 years to be served without parole. He maintains that this sentence is illegal. ECF No. 1.

Action No. WMN-12-2657.

On October 26, 2012, Petitioner filed a Petition for Writ of Mandamus, alleging identical errors as contained in the Petition for Habeas Relief. ECF No. 1., Civil Action No. WMN-12-3164. He asks that this court direct the sentencing court hold a re-sentencing as soon as possible and to "adhere to the mandate required by the court of special appeals." *Id.* Because the two petitions are closely related they shall be consolidated for dispositive review.

Respondents contend that the petition for habeas relief should be dismissed as a successive petition. ECF No. 3, Civil Action No. WMN-12-2657. Petitioner has replied. ECF No. 4, Civil Action No. WMN-12-2657. For the reasons set out herein, this court concludes that the pending application for habeas corpus relief must be dismissed without prejudice and the petition for mandamus relief shall also be dismissed.

1. Habeas claim

On August 17, 2001, Petitioner filed his first federal habeas corpus application which was denied by this court on the merits on February 27, 2002.[2] *See Pushia v. Conroy,* Civil Action No. WMN-01-2449 (D. Md. 2000). Before this court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider Petitioner's application for habeas corpus relief. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin,* 83 F.3d 1303, 1305-07 (11th Cir.1996) *see also In re Vial,* 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Petitioner has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

---

[2] In that action, Petitioner claimed, *inter alia*, that his sentence was illegal.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA.

2. Mandamus claim

Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over state employees and cannot compel the Maryland state courts to provide Petitioner a resentencing hearing.[3] *Gurley v.*

---

[3] Petitioner is, of course, free to request to reopen his state post-conviction proceedings or seek a modification of sentence under applicable Maryland law.

*Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969). Therefore, Petitioner's request for mandamus relief shall be denied.

A separate Order shall be entered reflecting the ruling set out herein.

Dated: December 20, 2012

William M. Nickerson
Senior United States District Court Judge